## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

ALEXIS WILLIAMS,           )
)
Plaintiff,                  )
) CASE NO.  8:26-CV-1187-KKM-TGW
v.                      )
)
EQUIFAX INC.,          )
)
Defendant.           )

APR 24 2026 AM8:46
FILED - USDC - FLMD - TPA

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

**COMES NOW** Plaintiff, Alexis Williams ("Plaintiff"), proceeding pro se, and files her Complaint against Defendant Equifax Information Services, LLC ("Equifax"), limited solely to her claim under 15 U.S.C. § 1681g of the Fair Credit Reporting Act ("FCRA"), and states as follows:

## I.   INTRODUCTION

1. This action arises from violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), committed by Equifax Information Services, LLC.



("Equifax"), concerning the mishandling of Plaintiff's consumer credit information.

## II.   JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, as this case arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

3. Venue is proper in the United States District Court for the Middle District of Florida under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and Defendant regularly conducts business in this District.

## III.   PARTIES

4. Plaintiff Alexis Williams is a natural person and resident of the State of Florida.

5. Plaintiff is a consumer as defined by 15 USC 1681a(c).

6. Equifax is a Georgia corporation with a primary business address in Atlanta, GA 30309.

7. Equifax is a nationwide Consumer Reporting Agency ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other

2

information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet.

8. Equifax as a CRA is aware of its obligations under the FCRA.

## IV.    FACTUAL ALLEGATIONS

### December 2025 Consumer Disclosure

9. On or about December 19th, 2025, Plaintiff requested a copy of her consumer credit disclosure from Equifax.

10. Equifax's disclosure concealed critical account details by providing only masked and incomplete account numbers, thereby preventing Plaintiff from accurately verifying and disputing the reported accounts.

11. Pursuant to 15 USC 1681g(a), upon receipt of Plaintiff's request, Equifax was required to "clearly and accurately" disclose all information in Plaintiff's file at the time of her request, with the limited exception that her Social Security Number could be truncated upon request.

12. Equifax provided an electronic copy of Plaintiff's consumer disclosure via annualcreditreport.com.

### Incomplete Account Numbers, Incomplete Account Information, and Incomplete Payment History

3

13. Equifax concealed key account details by providing masked and incomplete account numbers stopping the Plaintiff from verifying and disputing reported accounts.

14. Specifically, the tradelines associated with Equifax Reporting:

    a. *TILT/FINWISE *1JB5* full account number missing, original creditor is missing, credit limit missing, date of last activity missing, scheduled payment amount missing, actual payment amount missing, date of last payment missing, term duration missing, charge-off amount missing, date closed missing, activity designator missing, terms frequency missing, deferred payment start date missing, balloon payment amount missing, balloon payment date missing, and payment history missing.

    b. *Credit Acceptance Corporation *0744* full account number missing, original creditor is missing, credit limit missing, date of last activity missing, scheduled payment amount missing, actual payment amount missing, date of last payment missing, term duration missing, charge-off amount missing, date closed missing, activity designator missing, terms frequency missing, deferred payment start date missing, balloon payment amount missing, balloon payment date missing, and payment history missing.

4

c. ***CHIMEFIN/THE BANCORP BANK \*A1DD*** full account number missing, original creditor is missing, credit limit missing, date of last activity missing, scheduled payment amount missing, actual payment amount missing, date of last payment missing, term duration missing, charge-off amount missing, date closed missing, activity designator missing, terms frequency missing, deferred payment start date missing, balloon payment amount missing, balloon payment date missing, and payment history missing

d. ***First Premier \*7417*** full account number missing, original creditor is missing, credit limit missing, date of last activity missing, scheduled payment amount missing, actual payment amount missing, date of last payment missing, term duration missing, charge-off amount missing, date closed missing, activity designator missing, terms frequency missing, deferred payment start date missing, balloon payment amount missing, balloon payment date missing, and payment history missing.

e. ***Lead Bank \*5868*** full account number missing, original creditor is missing, credit limit missing, date of last activity missing, scheduled payment amount missing, actual payment amount missing, date of last payment missing, term duration missing, charge-off amount missing, date closed missing, activity designator missing, terms frequency

missing, deferred payment start date missing, balloon payment amount missing, balloon payment date missing, and payment history missing.

f. **_CCB/BRIDGE IT INC &7991_** full account number missing, original creditor is missing, credit limit missing, date of last activity missing, scheduled payment amount missing, actual payment amount missing, date of last payment missing, term duration missing, charge-off amount missing, date closed missing, activity designator missing, terms frequency missing, deferred payment start date missing, balloon payment amount missing, balloon payment date missing, and payment history missing

g. **_Austin Capital Bank *2886_** full account number missing, original creditor is missing, credit limit missing, date of last activity missing, scheduled payment amount missing, actual payment amount missing, date of last payment missing, term duration missing, charge-off amount missing, date closed missing, activity designator missing, terms frequency missing, deferred payment start date missing, balloon payment amount missing, balloon payment date missing, and payment history missing.

h. **_IC SYSTEMS *0476_** full account number missing, original creditor is missing, credit limit missing, date of last activity missing, scheduled

6

payment amount missing, actual payment amount missing, date of last payment missing, term duration missing, charge-off amount missing, date closed missing, activity designator missing, terms frequency missing, deferred payment start date missing, balloon payment amount missing, balloon payment date missing, and payment history missing.

15. These omissions deprived Plaintiff of her complete consumer file and account history in violation of 15 U.S.C. § 1681g(a), further hindering her ability to identify and correct inaccuracies.

16. Failing to provide full account numbers violates 15 U.S.C. § 1681g(a)(1), which requires consumer reporting agencies to disclose all information contained in a consumer's file that is recorded and maintained by the agency.

17. Although Equifax was required to disclose all information contained in her credit file at the time of her request, its disclosure omitted substantial portions of the information actually maintained in her file.

18. Upon information and belief, the data furnisher reported the full account numbers, missing account information, and payment history belonging to their respective accounts to Equifax.

19. This information was contained within Equifax's file regarding Plaintiff at the time of her request.

20. When Equifax produces and sells reports regarding Plaintiff to third parties, the full account numbers, missing account information, and payment history are included in their reports.

21. Equifax demonstrates their ability to comply with 15 USC 1681g(a) when it reports the information to third parties accurately and completely.

22. Equifax breached its duty to Plaintiff having to disclose ALL of the information regarding the Plaintiff accounts by failing to provide the account numbers, missing account information, and payment history as such information is necessary for a consumer to be able to research and evaluate the information contained in her file.

23. Without access to this information, a consumer is left either trying to piece things together like a detective or blindly guessing whether their report is accurate.

24. The Fair Credit Reporting Act requires that consumers be provided with a complete copy of their credit file, including all internal records and archived data that may affect their credit standing.

25. Equifax's disclosure failed to include internal notes and archival data related to previously disputed accounts, as well as historical payment information that is otherwise reported to third parties. It also omitted the full inquiry history, including suppressed or creditor-only inquiries.

26. Upon information and belief, the data furnishers referenced above reported full account numbers, incomplete account details, and payment histories to Equifax, and this information was part of Equifax's file on Plaintiff at the time she requested her consumer disclosure.

27. Due to widespread systemic issues, Equifax's automated systems routinely omit all but the last two or four digits of account numbers reported by data furnishers.

28. Equifax is aware of this issue but has failed to take any meaningful steps to correct it.

29. Equifax's failure to disclose full account numbers violates the FCRA's mandate that a consumer reporting agency clearly and accurately disclose all information contained in a consumer's file. See *Washington v. Equifax Info. Servs. LLC*, No. 3:19-cv-00154, 2019 WL 2443126, at *4 (M.D. Tenn. June 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

30. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. See, e.g., *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff would have acted on the received information. Therefore, Article III requirement of injury-in-fact [was] satisfied.

31. The lack of accurate and complete account numbers caused Ms. Williams significant frustration and emotional distress as she attempted to understand her credit report and reconcile it with her own records.

32. Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000, "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear'_ disclosure of all information "in the file".

33. Equifax's omission the full account numbers severely hinders a consumer's ability to comprehend their credit disclosure, identify the accounts, and accurately match them to their personal records.

34. Upon information and belief, Equifax disclosure to Plaintiff was generated using a template that extracts database information from a consumer's file and

populates it into various pre-programmed fields on a consumer disclosure form.

35. Upon information and belief, this same template is used virtually every time a consumer requests their file from Equifax through www.annualcreditreport.com.

36. Upon information and belief www.annualcreditreport.com is the location where majority of consumers obtain their Equifax credit disclosure.

37. Consumer disclosures retrieved through annualcreditreport.com all exhibit the same missing account number, missing account information and incomplete payment history.

38. Thus, every consumer with accounts appearing with incomplete information in their disclosure who requested their disclosure from Equifax through www.annualcreditreport.com since the template's use began received an incomplete consumer disclosure with the same errors as Plaintiff.

39. Equifax's errors has therefore likely affected thousands of consumers.

40. Equifax has known of the flaws in its systems for years, but has done nothing to fix them, despite the large number of consumers affected.

41. Equifax's knowing and repeated conduct warrants an award of punitive damages.

42. Equifax's failure to disclose all of the information in the consumer's credit file in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the Defendant's desire to avoid costs and increase profits.

43. Plaintiff has a right to a full and complete disclosure of the contents of her file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j

44. Equifax's failure to accurately, fully, and clearly disclose the information within its files regarding Plaintiff deprived him of this right.

## V.    CLAIMS FOR RELIEF
## COUNT I
## VIOLATIONS OF THE FCRA

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein

46. Equifax violated 15 U.S.C. § 1681g(a)(1) when responding to Plaintiff request for her consumer disclosure by failing to clearly and accurately disclose to Plaintiff, a Consumer, all of the information in her file at the time of the request. Specifically, Equifax disclosed ten (10) accounts reported without disclosing the full account number, missing account information and payment history or ten (10) accounts also without the full account numbers, missing account information and payment history even though full account numbers,

missing account information and payment history were reported by the data furnishers.

47.Equifax knowingly provided inaccurate and incomplete information in Plaintiff's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

48.Equifax is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681n, for the greater of her actual damages and statutory damages of up to $1,000 per violation, plus costs.

49.Alternatively, Equifax's conduct was negligent, and Equifax is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681o, for her actual damages, plus costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Honorable Court enter judgment against Equifax for:

a. The greater of statutory damages of $1,000 per incident and Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Plaintiff's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

13

c.  Costs pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d.  Such other relief that this Court deems just and proper.

Respectfully submitted,

**Alexis Williams**
**11113 N 21st St**
**Tampa, FL 33612**

**Alexis72wil@gmail.com**
**(813) 340-5725**

14